

**CONNELL FOLEY**
A TRADITION OF LEGAL EXCELLENCE SINCE 1938

Connell Foley LLP
888 Seventh Avenue
9th Floor
New York, NY 10106
P 212.307.3700   F 212.262.0050

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: 08/22/2018

**Patricia A. Lee**
Partner
Direct Dial 973.840.2444
PLee@connellfoley.com

> Defendant's request for a pre-motion conference is denied without prejudice to make a similar request based on Plaintiffs' amended complaint, Doc. 15.  SO ORDERED.
>
> Edgardo Ramos, U.S.D.J
> Dated: 08/22/2018
> New York, New York

August 17, 2018

**VIA ELECTRONIC FILING**
Honorable Edgardo Ramos, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: **Frankel, M.D. et al v. U.S. Healthcare, Inc. d/b/a Aetna U.S. Healthcare, Inc.
d/b/a Aetna Health, Inc. et al.
Civil Action No: 1:18-cv-06378-ER-BCM
Request for Pre-Motion Conference**

Dear Judge Ramos:

In accordance with Your Honor's Individual Rules, Defendant Aetna Life Insurance Company, appearing for U.S. Healthcare, Inc. d/b/a Aetna US Healthcare, Inc. d/b/a Aetna Health, Inc. and Aetna, Inc. d/b/a Aetna ("Aetna"), respectfully requests a pre-motion conference to permit filing a motion to dismiss the Complaint of Plaintiffs Perry A. Frankel, M.D. and Advanced Cardiovascular Diagnostics, PLLC ("Plaintiffs"). Pursuant to the Stipulated Order entered on July 19th, Aetna's responsive pleading deadline is currently August 20, 2018..

The crux of Plaintiffs' Complaint is that Aetna failed to pay claims for "Covered Services." (*Compl.* at ¶¶ 1, 38, 41, 47, 52-53, 63-64, 68, 83-84.) Plaintiffs also allege that Aetna wrongfully terminated its agreement with Plaintiffs, in violation federal law, *i.e.* the Patient Protection and Affordable Care Act, 42 U.S.C. § 80001 *et seq.*, as well as New York statutory and common law. (*Id.* at ¶¶ 47, 56-60, 77-78, 86-89.) The Participating Provider Agreement defines "Covered Services" as: "Those Medically Necessary Services which a Member is entitled to receive under the terms and conditions of a Plan." (*Id.* at ¶ 18; *id.* at Ex. 1, § 12.4). Aetna has confirmed that many of the claims at issue arise under self-funded employee health benefits plans that were created pursuant to, and governed by, the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").

As set forth herein, this Court should dismiss each of the nine (9) claims asserted in Plaintiffs' Complaint because the claims are preempted by ERISA and/or facially deficient.

Hon. Edgardo Ramos, U.S.D.J.
August 17, 2018
Page 2

**I.      Counts I, II, III, V, VI, and VIII are Preempted as to ERISA Plan Members.**

Plaintiffs assert claims purportedly sounding in New York common and statutory law, alleging an entitlement to the payment of benefits for allegedly providing "Covered Services." These claims are completely preempted by ERISA, and thus these purported state law claims are "necessarily federal in character." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011); *Arditi v. Lighthouse Int'l*, 676 F.3d 294, 298 (2d Cir. 2012). Indeed, ERISA creates a federal cause of action for claims by a participant or beneficiary to recover, *inter alia*, benefits due under the terms of an ERISA plan and to enforce any terms under that plan. 29 U.S.C. § 1132(a)(1)(B). ERISA provides the exclusive remedy for actions relating to an ERISA plan and completely preempts any state law claims removed to Federal Court which seek reinstatement of terminated benefits and damages. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004); *Montefiore Med. Ctr.*, 642 F.3d at 327.

"[C]laims are completely preempted by ERISA if they are brought (i) by 'an individual [who] at some point in time, could have brought his claim under ERISA § 502(a)(1)(B),' and (ii) under circumstances in which 'there is no other independent legal duty that is implicated by a defendant's actions.'" *Montefiore Med. Ctr.*, 642 F.3d at 327 (quoting *Davila*, 542 U.S. at 209); *Arditi*, 676 F.3d 299. Here, the Plaintiffs "could have brought their claims under ERISA" because Plaintiffs were contractually obligated under § 4.5 of the Provider Agreement to obtain signed assignments of benefits from all non-HMO members,  and because Plaintiffs' claims concern the "right to payment" and "depend[] on an interpretation of the terms of an ERISA-governed employee benefit plan," *see Montefiore Med. Ctr.*, 642 F.3d at 331; *Chang v. Pfizer, Inc.*, 2017 U.S. Dist. LEXIS 34796, at *14 (S.D.N.Y. Mar. 9, 2017). (*See* Compl. at ¶¶ 1, 18, 38, 41, 47, 52-53, 63-64, 68, 83-84). Moreover, "there is no other independent legal duty that is implicated" because Plaintiffs' claims are "inextricably intertwined" with the underlying health benefit plans governing reimbursement. *Montefiore Med. Ctr.*, 642 F.3d at 332; *Arditi*, 676 F.3d at 300. This is because Plaintiffs assert that Aetna failed to make payment to Plaintiffs for "Covered Services," which,are defined by a member's health benefit plan, not the Provider Agreement.  (Compl. at ¶ 18.) Thus, while Plaintiffs purport to seek payment from Aetna based on state law, the claims in the Complaint arise out of obligations embodied in and defined by the health benefit plans, and are governed exclusively by federal law.

**II.      Plaintiffs Fail to State a Claim for Which Relief Can Be Granted on Each Claim.**

Any claims that are not preempted by ERISA should nonetheless be dismissed because they fail as a matter of law for the reasons set forth below.

Count 1 (Breach of Contract and Duty of Good Faith,: "Under New York law, a breach of contract claim requires (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Balk v. N.Y. Inst. of Tech.*, 683 F. App'x 89, 95 (2d Cir. 2017) (internal quotation marks omitted). A "[p]laintiff must allege the specific provisions of the contract upon which the breach of contract claim is based, as a claim for breach of contract cannot be sustained by a conclusory statement that the accused breached a contract." *San Diego Cty. Emps. Ret. Ass'n v. Maounis*, 749 F. Supp. 2d 104, 129 (S.D.N.Y. 2010) (internal quotations and citations omitted). Here, Plaintiffs fail to allege

Hon. Edgardo Ramos, U.S.D.J.
August 17, 2018
Page 3

the material elements of a breach of contract claim. Likewise, Plaintiffs' good faith and fair dealing claim also fails because "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002).

Count 5 (Promissory Estoppel):  This count is duplicative of Plaintiffs' breach of contract claim as Plaintiffs explicitly allege that  the claim arises from "Defendant's ***contractual promise*** to pay Plaintiffs," (Compl., ¶ 62) (emphasis added).  *See Picini v. Chase Home Fin. LLC,* 854 F. Supp. 2d 266, 275 (E.D.N.Y. 2012) ("Where a plaintiff also alleges breach of a contract, a promissory estoppel claim is duplicative of a breach of contract claim unless the plaintiff alleges that the defendant had a duty independent from any arising out of the contract.").

Count 6 (Unjust Enrichment): This count fails because Plaintiffs do not allege any facts showing that Plaintiffs conferred a ""specific and direct benefit" upon Aetna.  *See Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (A "specific and direct benefit" is "necessary to support an unjust enrichment claim").  Significantly, an "insurance company derives no benefit" from an individual's rendering of services to the insurer's insureds; rather "what the insurer gets is a ripened obligation to pay money." *Travelers Indem. Co. v. Losco Grp., Inc.*, 150 F. Supp. 2d 556, 563 (S.D.N.Y. 2001); *see also Joan  Hansen & Co. v. Everlast World's Boxing Headquarters Corp.*, 296 A.D.2d 103, 108 (2d Dep't 2002) ("[I]f services were performed at the behest of someone other than the defendant, the plaintiff must look to that person for recovery."). Moreover, Aetna's obligation to issue reimbursements  is governed by an express contract. *Goldman v. Metro. Life Ins. Co.*, 5 N.Y.3d 561, 572 (2005) ("The theory of unjust enrichment," however, arises from "an obligation the law creates in the ***absence of any agreement***.") (emphasis added). Accordingly, unjust enrichment claims cannot be brought where, as here, "the matter is controlled by contract." *Id.*

Count 7 (Tortious Interference): This count also fails as it is essentially a disguised breach of contract claim. (*See Compl.*, ¶¶ 75-78.)  Plaintiffs submit that Aetna's decision not to renew Plaintiffs' contract constitutes tortious interference with Plaintiffs' economic relationship with Aetna's patients. However, "[m]erely . . . employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim." *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 390 (1987). Likewise, "[u]nder New York law, a breach of contract will not give rise to a tort claim unless a legal duty *independent of the contract itself* has been violated." *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 58 (2d Cir. 2012) (emphasis added). Accordingly, because it is well-settled that "under New York law, a party cannot be held liable for interfering with its own contract," Plaintiffs' tortious interference claim fails. *Campbell v. Grayline Air Shuttle*, 930 F. Supp. 794, 804 (E.D.N.Y. 1996).

Counts 2, 4, 8, and 9 (New York and Federal Statutory Violations): Finally, Plaintiffs have not alleged a cognizable violation of the regulations stated in these Counts, which collectively allege violations arising under New York General Business Law § 349, the Patient Protection and Affordable Care Act, 42 U.S.C. § 80001, *et seq.* , New York Public Health Law § 4406(1), 4406-(d)(2)(a), 4406-(d)(2)(d) and § 4803(b)(1) and New York Insurance Law § 3224-a.  Moreover, as to ERISA plans, state insurance laws that create new rights or remedies that

Hon. Edgardo Ramos, U.S.D.J.
August 17, 2018
Page 4

are not explicitly included within ERISA are preempted. *See Toussaint v. JJ Weiser & Co.*, No. 04-cv-2592 (MBM), 2005 U.S. Dist. LEXIS 2133, at *46 n.4 (S.D.N.Y. Feb. 9, 2005) (stating that Plaintiffs' claim under New York Insurance Law would constitute a "separate vehicle" for obtaining relief beyond what is authorized under ERISA).

For these reasons, among others,[1] we submit to Your Honor the basis for Aetna's request for a pre-motion conference or leave to file a motion to dismiss.

We thank Your Honor for your consideration of this matter.

Very truly yours,

CONNELL FOLEY LLP

*s/ Patricia A. Lee*

Patricia A. Lee

cc:     All Counsel of Record (via ECF)

---

[1] Aetna reserves its rights to expound upon the arguments made herein and to assert additional arguments in support of its motion.

4616177-1