

Connell Foley LLP
888 Seventh Avenue
9th Floor
New York, NY 10106
P 212.307.3700   F 212.262.0050

**Patricia A. Lee**
Partner
Direct Dial 973.840.2444
PLee@connellfoley.com

September 4, 2018

**VIA ELECTRONIC FILING**
Honorable Edgardo Ramos, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

  Re: *Frankel, M.D. et al v. U.S. Healthcare, Inc. d/b/a Aetna U.S. Healthcare, Inc. d/b/a Aetna Health, Inc. et al.*
    Civil Action No: 1:18-cv-06378-ER-BCM
    Request for Pre-Motion Conference

Dear Judge Ramos:

  In accordance with Your Honor's Individual Rules, Defendant Aetna Life Insurance Company, appearing for U.S. Healthcare, Inc. d/b/a Aetna US Healthcare, Inc. d/b/a Aetna Health, Inc. and Aetna, Inc. d/b/a Aetna ("Aetna"), respectfully requests a pre-motion conference to permit filing a motion to dismiss the Amended Complaint of Plaintiffs Perry A. Frankel, M.D. and Advanced Cardiovascular Diagnostics, PLLC ("Plaintiffs"). Pursuant to Fed. R. Civ. P. 15(a)(3), Aetna's responsive pleading deadline is currently September 4, 2018.

  The crux of Plaintiffs' Amended Complaint is that Aetna failed to pay claims for "Covered Services." (*Am. Compl.* at ¶¶ 1, 38, 41, 47, 52-53, 63-64, 68, 83-84.)  Plaintiffs also allege that Aetna wrongfully terminated its agreement with Plaintiffs, in violation federal law, *i.e.* the Patient Protection and Affordable Care Act, 42 U.S.C. § 80001 *et seq.*, as well as New York statutory and common law, and further allege that Aetna allegedly discriminated against minorities and people of color by excluding Plaintiffs from providing medical services to the urban population and violated HIPAA by unlawfully requesting files containing PHI from Plaintiffs' staff without patient knowledge or consent.  (*Id.* at ¶¶ 47, 56-60, 77-78, 86-102.) Aetna has confirmed that many of the claims at issue arise under self-funded employee health benefits plans that were created pursuant to, and governed by, the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").

  As set forth herein, this Court should dismiss each of the eleven (11) claims asserted in Plaintiffs' Amended Complaint because the claims are preempted by ERISA and/or facially deficient.

Roseland Jersey City Newark New York Cherry Hill Philadelphia
www.connellfoley.com

Hon. Edgardo Ramos, U.S.D.J.
September 4, 2018
Page 2

### I. Counts I, II, III, V, VI, and VIII are Preempted as to ERISA Plan Members.

Plaintiffs assert claims purportedly sounding in New York common and statutory law, alleging an entitlement to the payment of benefits for allegedly providing "Covered Services." These claims are completely preempted by ERISA, and thus these purported state law claims are "necessarily federal in character." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011); *Arditi v. Lighthouse Int'l*, 676 F.3d 294, 298 (2d Cir. 2012). Indeed, ERISA creates a federal cause of action for claims by a participant or beneficiary to recover, *inter alia*, benefits due under the terms of an ERISA plan and to enforce any terms under that plan. 29 U.S.C. § 1132(a)(1)(B). ERISA provides the exclusive remedy for actions relating to an ERISA plan and completely preempts any state law claims removed to Federal Court which seek reinstatement of terminated benefits and damages. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004); *Montefiore Med. Ctr.*, 642 F.3d at 327.

"[C]laims are completely preempted by ERISA if they are brought (i) by 'an individual [who] at some point in time, could have brought his claim under ERISA § 502(a)(1)(B),' and (ii) under circumstances in which 'there is no other independent legal duty that is implicated by a defendant's actions.'" *Montefiore Med. Ctr.*, 642 F.3d at 327 (quoting *Davila*, 542 U.S. at 209); *Arditi*, 676 F.3d 299. Here, the Plaintiffs "could have brought their claims under ERISA" because Plaintiffs were contractually obligated under § 4.5 of the Provider Agreement to obtain signed assignments of benefits from all non-HMO members, and because Plaintiffs' claims concern the "right to payment" and "depend[] on an interpretation of the terms of an ERISA-governed employee benefit plan," *see Montefiore Med. Ctr.*, 642 F.3d at 331; *Chang v. Pfizer, Inc.*, 2017 U.S. Dist. LEXIS 34796, at *14 (S.D.N.Y. Mar. 9, 2017). (*See Am. Compl*. at ¶¶ 1, 18, 38, 41, 47, 52-53, 63-64, 68, 83-84). Moreover, "there is no other independent legal duty that is implicated" because Plaintiffs' claims are "inextricably intertwined" with the underlying health benefit plans governing reimbursement. *Montefiore Med. Ctr.*, 642 F.3d at 332; *Arditi*, 676 F.3d at 300. This is because Plaintiffs assert that Aetna failed to make payment to Plaintiffs for "Covered Services," which are defined by a member's health benefit plan, not the Provider Agreement. (*Am. Compl.* at ¶ 18.) Thus, while Plaintiffs purport to seek payment from Aetna based on state law, the claims in the Amended Complaint arise out of obligations embodied in and defined by the health benefit plans, and are governed exclusively by federal law.

### II. Plaintiffs Fail to State a Claim for Which Relief Can Be Granted on Each Claim.

Any claims that are not preempted by ERISA should nonetheless be dismissed because they fail as a matter of law for the reasons set forth below.

Count 1 (Breach of Contract and Duty of Good Faith): "Under New York law, a breach of contract claim requires (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Balk v. N.Y. Inst. of Tech.*, 683 F. App'x 89, 95 (2d Cir. 2017) (internal quotation marks omitted). A "[p]laintiff must allege the specific provisions of the contract upon which the breach of contract claim is based, as a claim for breach of contract cannot be sustained by a conclusory statement that the accused breached a contract." *San Diego Cty. Emps. Ret. Ass'n v. Maounis*, 749 F. Supp. 2d 104, 129 (S.D.N.Y. 2010) (internal quotations and citations omitted). Here, Plaintiffs fail to allege

the material elements of a breach of contract claim. Likewise, Plaintiffs' good faith and fair dealing claim also fails because "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002).

Count 5 (Promissory Estoppel):  This count is duplicative of Plaintiffs' breach of contract claim as Plaintiffs explicitly allege that  the claim arises from "Defendant's **contractual promise** to pay Plaintiffs," (*Am. Compl.*, ¶ 62) (emphasis added).  *See Picini v. Chase Home Fin. LLC*, 854 F. Supp. 2d 266, 275 (E.D.N.Y. 2012) ("Where a plaintiff also alleges breach of a contract, a promissory estoppel claim is duplicative of a breach of contract claim unless the plaintiff alleges that the defendant had a duty independent from any arising out of the contract.").

Count 6 (Unjust Enrichment): This count fails because Plaintiffs do not allege any facts showing that Plaintiffs conferred a ""specific and direct benefit" upon Aetna.  *See Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (A "specific and direct benefit" is "necessary to support an unjust enrichment claim").  Significantly, an "insurance company derives no benefit" from an individual's rendering of services to the insurer's insureds; rather "what the insurer gets is a ripened obligation to pay money." *Travelers Indem. Co. v. Losco Grp., Inc.*, 150 F. Supp. 2d 556, 563 (S.D.N.Y. 2001). *see also Joan  Hansen & Co. v. Everlast World's Boxing Headquarters Corp.*, 296 A.D.2d 103, 108 (2d Dep't 2002) ("[I]f services were performed at the behest of someone other than the defendant, the plaintiff must look to that person for recovery."). Moreover, Aetna's obligation to issue reimbursements is governed by an express contract. *Goldman v. Metro. Life Ins. Co.*, 5 N.Y.3d 561, 572 (2005) ("The theory of unjust enrichment," however, arises from "an obligation the law creates in the **absence of any agreement**.") (emphasis added). Accordingly, unjust enrichment claims cannot be brought where, as here, "the matter is controlled by contract." *Id.*

Count 7 (Tortious Interference): This count also fails as it is essentially a disguised breach of contract claim. (*See Am. Compl.*, ¶¶ 75-78.)  Plaintiffs submit that Aetna's decision not to renew Plaintiffs' contract constitutes tortious interference with Plaintiffs' economic relationship with Aetna's patients. However, "[m]erely . . . employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim." *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 390 (1987). Likewise, "[u]nder New York law, a breach of contract will not give rise to a tort claim unless a legal duty *independent of the contract itself* has been violated." *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 58 (2d Cir. 2012) (emphasis added). Accordingly, because it is well-settled that "under New York law, a party cannot be held liable for interfering with its own contract," Plaintiffs' tortious interference claim fails. *Campbell v. Grayline Air Shuttle*, 930 F. Supp. 794, 804 (E.D.N.Y. 1996).

Counts 2, 4, 8, and 9 (New York and Federal Statutory Violations): Plaintiffs have not alleged a cognizable violations arising under New York General Business Law § 349, the Patient Protection and Affordable Care Act, 42 U.S.C. § 80001, *et seq.* , New York Public Health Law § 4406(1), 4406-(d)(2)(a), 4406-(d)(2)(d) and § 4803(b)(1) and New York Insurance Law § 3224-a.  Moreover, as to ERISA plans, state insurance laws that create new rights or remedies that are not explicitly included within ERISA are preempted. *See Toussaint v. JJ Weiser & Co.*,

2005 U.S. Dist. LEXIS 2133, at *46 n.4 (S.D.N.Y. Feb. 9, 2005) (stating claim under New York Insurance Law would not constitute a "separate vehicle" for obtaining relief beyond what is authorized under ERISA).

Count 10 (Affordable Care Act and Civil Rights Act Violations): Plaintiffs implausibly argue that Aetna's termination of the Provider Agreement constituted unlawful discrimination against minorities, as Plaintiffs typically operate in urban areas. (*Am. Compl.*, ¶¶ 96-99). First, Plaintiffs - as medical providers - do not have standing to bring a discrimination claim pursuant to the Affordable Care Act or Civil Rights Act against Aetna on behalf of the urban population at large. Second, Plaintiffs have included no allegations as to whether the claim is brought on behalf of a protected class. *See SEPTA v. Gilead Scis., Inc.,* 102 F. Supp. 3d 688, 701 (E.D.Pa. 2015) (finding that plaintiffs failed to allege that each individual plaintiff was a member of a protected class). Lastly, Section 7.2 of the Provider Agreement clearly states that same may be terminated by either party subject to a 60-day advance written notice, which was provided by Aetna on September 25, 2017 - approximately seven (7) months prior to non-renewal. (*Id.*, ¶ 25; *id.*, Ex. D). Thus, on the face of the contract and the parties' communications related thereto, which are made a part of the Plaintiffs' pleading, the Amended Complaint fails to state an actionable claim for a violation of the ACA or the Civil Rights Act based solely on the termination of a participating provider's contract.

Count 11 (HIPAA Violation): Finally, Count 11, which alleges that Aetna violated HIPAA by directing Plaintiffs to forward patients' medical records, also fails under the express terms of the Provider Agreement. Section 6.1 provides that Aetna "shall have access to all data and information obtained . . . related to Members." Moreover, Section 6.2 provides that Aetna has the right "to inspect . . . medical records maintained by Provider[.]" Lastly, in Section 6.2, both parties agree to hold all medical information confidential, in compliance with HIPAA. Count 11 thus fails as well.

For these reasons, among others,[1] we submit to Your Honor the basis for Aetna's request for a pre-motion conference or leave to file a motion to dismiss.

We thank Your Honor for your consideration of this matter.

Very truly yours,

CONNELL FOLEY LLP

*s/ Patricia A. Lee*

Patricia A. Lee

cc:   All Counsel of Record (via ECF)

---

[1] Aetna reserves its rights to expound upon the arguments made herein and to assert additional arguments in support of its motion.