# CUSHNER & ASSOCIATES, P.C.

399 Knollwood Road, Suite 205 • WHITE PLAINS, NEW YORK 10603
PHONE (914) 600-5502 • FAX (914) 600-5544 • www.cushnerlegal.com

Todd S. Cushner**
James J. Rufo***

**Admitted NY, NJ, USDNJ, SDNY and EDNY
*** Admitted NY, SDNY, EDNY, NDNY and WDNY

September 20, 2018

**VIA ECF**
Honorable Edgardo Ramos, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007
Courtroom 619

      Re:    *Frankel, M.D. et al v. U.S. Healthcare, Inc. d/b/a Aetna U.S. Healthcare, Inc. d/b/a Aetna Healthcare, Inc. et al.*
               **Case No. 18-cv-06378 (ER)**
               **Response to Defendant's Request for Pre-Motion Conference**

Dear Judge Ramos:

    The law firm of Cushner & Associates, P.C. represents Plaintiffs Perry A. Frankel, M.D. and Advanced Cardiovascular Diagnostics, PLLC (the "Plaintiff") in this action. Plaintiff submits the following Position Statement in Response to Defendant Aetna Life Insurance Company, appearing for U.S. Healthcare, Inc. d/b/a Aetna U.S. Healthcare, Inc. d/b/a Aetna Healthcare, Inc. and Aetna, Inc. d/b/a Aetna ("Defendants" and/or "Aetna") letter requesting a pre-motion conference and to permit Defendant to file a motion to dismiss Plaintiff's Amended Complaint ("Defendants Motion").

    **I.**    **Defendants' Argument that Counts I, II, III, V, VI and VIII are Preempted as to ERISA Plan Members.**

    Defendants' Request to file a motion to dismiss Plaintiffs' Amended Complaint is pre-mature and does not justify dismissal. Defendants' argument that dismissal is appropriate is facially deficient, as Defendants argue and allege that "***many*** of the claims at issue arise under self-funded employee health benefits plans that were created pursuant to, and governed by, the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA")." Thus, even if the Court were to accept the statement in Defendants' Motion as true, Defendants' argument fails because Defendants' argument that ***many*** of the claims upon which Plaintiffs bring this action are pre-empted by ERISA necessarily means that by Defendants' own admission ***some*** of the claims at issue do not arise under self-funded employee health benefits plans governed by ERISA and thus

would not be pre-empted. As such Defendants' request for Dismissal is pre-mature. Instead, allowing the case to proceed to discovery is more appropriate, as discovery will result in the disclosure as to what extent, if any, Plaintiffs' claims are pre-empted by ERISA.

Furthermore, even if certain of Plaintiffs' claims would ordinarily be governed by ERISA; Plaintiffs' Complaint asserts a claim based upon promissory estoppel. "Courts have recognized that "under 'extraordinary circumstances' principles of estoppel can apply in ERISA cases under the veneer of federal common law." *Long Island Neuroscience Specialists v. Fringe Benefit Funds*, 2014 U.S. Dist. LEXIS 114012 *16 (E.D.N.Y. July 31, 2018) *citing Patterson v. J.P. Morgan Chase & Co.*, No. 01 Civ. 7513, 2002 U.S. Dist. LEXIS 2014 (S.D.N.Y. Feb 13, 2002) *quoting Lee v. Burkhart*, 991 F.2d 1004, 1009 (2d Cir. 1993)). "In the ERISA context, promissory estoppel may be used to redress injury that arises from the denial of ERISA benefits [and] [i]n such cases, 'state law does not control. A plaintiff must satisfy four elements to succeed on a promissory-estoppel claim: (1) a promise, (2) reliance on the promise, (3) injury caused by the reliance, and (4) an injustice if the promise is not enforced." Long Island Neuroscience Specialists v. Fringe Benefit Funds, 2014 U.S. Dist. LEXIS at * 16 *quoting Weinreb v. Hospital for Joint Diseases Orthopaedic Inst.*, 404 F.3d 167, 172 (2d Cir. 2005). Plaintiffs' Complaint satisfies each of the four elements of promissory estoppel as well as the requirement of extraordinary circumstances (1) Defendants promised to pay the Plaintiffs agreed upon amounts for services provided by Plaintiffs to Aetna Members, and in fact based upon this promise, Dr. Frankel provided services to Aetna Members for over twenty (20) years. Likewise, the Contract between the parties was consistently renewed over the twenty (20) plus year period based upon the promise and understanding that the Contract would not be terminated without explanation or cause; (2) Plaintiffs provided healthcare services to Aetna Members and expended substantial funds in terms of staffing and equipment in reliance on Defendants' promise to pay for services provided and in reliance on Defendants' promise that the Contract would not be terminated without explanation or cause; (3) Plaintiffs have suffered damages by way of significant overdue and unpaid bills owed by the Defendants for services provided to Aetna Members in reliance on Defendants' promise to pay. Likewise, Defendants termination of its Contract with Dr. Frankel without explanation or cause has damaged the Plaintiffs by way of reputation, uncertainty with regard to future business, the loss of patients, and the loss of significant contract opportunities with employers using Aetna plans; and (4) an injustice will occur unless remedied by the Court, as the Defendants have received payments for health care plans from customers who paid to be covered under Aetna plans, Plaintiffs provided over $900,000.00 worth of services to those Aetna customers without receiving payment from Aetna or as a result of Aetna's wrongful denial of those claims. Extraordinary circumstances exist here because, (1) if allowed to stand, Defendants actions would result in other providers fearing retaliation for patient advocacy; (2) Defendants actions will have effectively punished Dr. Frankel for his patient advocacy; (3) Plaintiffs intend to demonstrate through discovery and at trial that

2

Defendants actions are part a larger strategy by the Defendants to restrict patient access to medical care; and (4) Defendants actions have resulted in, and will continue to result in, harm to Aetna patients and to a disproportionate degree Aetna Members of minority populations. "[I]t is well-established in this Circuit that 'the assignees of beneficiaries to an ERISA-governed insurance plan have standing to sue under ERISA." *Mbody Minimally Invasive Surgery, P.C. v. Empire Health Choice*, 2014 U.S. Dist. LEXIS 114012, 2014 WL 4058321 (S.D.N.Y. Aug. 15, 2014).

   II.   Plaintiffs have also properly stated Claims against the Defendants for claims not governed by ERISA

## Count 1 (Breach of Contract and Duty of Good Faith)

The following elements must be established on a breach of contract claim: (1) a valid and enforceable contract; (2) the plaintiff's performance of the contract; (3) breach by the defendant; and (4) damages. S*ee Noise in Attic Prods., Inc. v London Records,* 10 AD3d 303, 307 (1st Dep't 2004); *Agway, Inc. v Curtin,* 161 AD2d 1040, 1041 (3rd Dep't 1990); *Furia v Furia,* 116 AD2d 694, 695 (2d Dep't 1986). Plaintiff's Amended Complaint adequately alleges each essential element to recover damages under breach of contract. In its Amended Complaint, Plaintiff demonstrated that a written contract was created between Dr. Frankel and Aetna on April 22, 1998. Additionally, annexed as Exhibit A to the Amended Complaint was a copy of the executed contract between Dr. Frankel and Aetna. Plaintiff performed contracted services under the Contract and was paid by Aetna for the services rendered. Aetna breached the contract when it refused to pay claims for services under the terms of the contract that Plaintiff provided to Aetna Members.  Further, Plaintiff plead that damages for breach of contract claim were more than $900,000 at the time the Amended Complaint was filed. Therefore, the Amended Complaint sufficiently stated a cause of action to recover under breach of contract. Further, New York State law recognizes an implied covenant of good faith and fair dealing in every contract." *Mbody Minimally Invasive Surgery, P.C. v. Empire Health Choice*, 2014 U.S. Dist. LEXIS * 15 *citing* Cross & Cross Properties Ltd. v. Everett Allied Co., 886 F.2d 497, 501-02 (2d Cir. 1989). "The covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Id. quoting County of Orange v. Travelers Indem. Co.,* No. 13-cv-06790, 2014 U.S. Dist. LEXIS 66451, 2014 WL 1998240 (S.D.N.Y. May 14, 2014). Here the basis of Plaintiffs' cause of action for breach of good faith and fair dealing is distinct from the basis of Plaintiffs' other breach of contract claims and therefore is sufficient to withstand a request for dismissal.

## Count 5 (Promissory Estoppel)  and Count 6 (Unjust Enrichment)

Count 5 is addressed above. As to unjust enrichment, to prevail on a claim for unjust enrichment in New York, a plaintiff must establish 1) that the defendant benefitted; 2) at the plaintiff's expense; and 3) that "equity and good conscience" require restitution.   See *Dolmetta v. Uintah Nat'l Corp.,* 712 F.2d 15, 20 (2d Cir.1983). The "essence" of such a claim "is that one party has received money or a benefit at the

expense of another." *City of Syracuse v. R.A.C. Holding, Inc.,* 258 A.D.2d 905, 685 N.Y.S.2d 381, 381 (4th Dep't 1999). Here, in its Amended Complaint, Plaintiff established that Aetna received direct benefit from marketing Plaintiff as a covered healthcare provider to potential customers. The benefit to Aetna from this sales and marketing included enrollment of additional insured members, resulting in additional money to Defendant from the purchase of these insurance policies from both self-funded and work-funded members. The advertising of Plaintiff's state of the art equipment and services were used to market these insurance policies; however, Plaintiff was not compensated. At Plaintiff's misfortune, Aetna was and continues to be unjustly enriched, and Plaintiffs should

### Count 7 (Tortious Interference)

In New York State, the elements of the tort of interference with contract are "[1] the existence of [a] valid contract with a third party, [2] defendant's knowledge of that contract, [3] defendant's intentional and improper procuring of a breach, and [4] damages." *White Plains Coat & Apron Co. v. Cintas Corp.*, 8 N.Y.3d 422, 426, 867 N.E.2d 381, 835 N.Y.S.2d 530 (N.Y. 2007); *accord Rose v. Different Twist Pretzel, Inc.*, 123 A.D.3d 897, 898, 999 N.Y.S.2d 438 (N.Y. App. Div. 2nd Dep't 2014).

### Counts 2, 4, 8 and 9 (New York and Federal Statutory Violations) and Count 10

Defendants have not pointed to any basis for dismissing these claims, instead only a general statement for dismissal is made As set forth in Plaintiffs' Complaint, the Affordable Care Act incorporates the civil rights statutes.

### Count 11 (HIPAA Violation)

HIPAA provides that a party deemed to be a `covered entity' may not use or disclose protected health information except for in treatment, or for payment or health care operations of the individual patient, or to the individual patient, without receiving a proper authorization. A "covered entity' is defined as (1) a health plan, (2) a health care clearinghouse, or (3) a health care provider who transmits any health information in electronic form, as prescribed by the regulation" *Lewis v Clement,* 1 Misc 3d 464, 466 (Sup Ct, Monroe County 2003). Defendants violated HIPPA by obtaining files that pertain protected health information without the prior proper authorization from the patients or the Plaintiff by way of use of implied threat, and intimidation, and with fraudulent intent.

### Conclusion

For the reasons set forth above, Dismissal is improper.

By: */s/ Todd S. Cushner*
Todd S. Cushner, Esq.
*Attorney for Plaintiffs*