# EXHIBIT B

Case 1:18-cv-02340-RJL Document 82-2 Filed 12/04/18 Page 2 of 5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

DEC 0 4 2018

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )     **Civil Case No. 18-2340 (RJL)** |
| | ) |
| CVS HEALTH CORPORATION *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER TO SHOW CAUSE**

December **3**, 2018

On October 10, 2018, the United States of America ("the Government")
and the States of California, Florida, Hawaii, Mississippi, and Washington
(collectively, "plaintiffs") filed a civil antitrust action seeking to enjoin CVS
Health Corporation's ("CVS") proposed acquisition of Aetna Inc. ("Aetna")
pursuant to Section 7 of the Clayton Act, 15 U.S.C. § 18. On the same day, the
Government filed a notice stating its intention to settle this suit pursuant to the
Antitrust Procedures and Penalties Act, also known as the Tunney Act, 15 U.S.C.
§ 16(b)–(h). The Government attached to its notice a proposed final judgment.

The Tunney Act imposes both procedural requirements and a substantive
requirement on the Government's proposed settlement. *See* 15 U.S.C. § 16(b)–(h).
"[T]hrough its procedural requirements, [the Act] grants the public the opportunity
to scrutinize and comment upon proposed [consent judgments] and thereby
eliminates excessive secrecy from the process" of settling civil antitrust suits

brought by the United States. *United States v. Airline Tariff Pub. Co.*, 836 F. Supp. 9, 11 (D.D.C. 1993). After the public has commented on a proposed judgment, a court must "determine whether entry of the proposed Final Judgment 'is in the public interest.'" *United States v. US Airways Grp., Inc.*, 38 F. Supp. 3d 69, 74 (D.D.C. 2014) (quoting 15 U.S.C. § 16(e)(1)). In this case, the public's time to comment on the Government's proposed final judgment will not lapse until on or about December 17, 2018.

Nevertheless, on November 29, the Government informed me that CVS not only had completed its acquisition of Aetna but also that CVS and Aetna intend to "begin to integrate their operations." Nov. 29, 2018 Hr'g Tr. 5:17-19. While I entered an Asset Preservation Stipulation and Order in this case that required CVS and Aetna to hold separate or divest certain assets that are subject to the Government's proposed final judgment, those assets have now been divested, and the Government has represented that it does not seek to slow or stop any other aspect of the private parties' integration. According to the Government, "[s]ince Plaintiffs did not allege that combining any other parts of Aetna's business with CVS would raise competitive concerns, allowing the integration of those parts of Aetna's business with CVS does not compromise the outcome of the Tunney Act proceeding." [Dkt. # 25 at 6.]

At this stage, I am less convinced of the sufficiency of the Government's negotiated remedy than the Government is. Because the Tunney Act procedures have not yet been completed, neither I, nor the public, has had a chance to evaluate

whether the proposed final judgment adequately remedies the harm alleged in the complaint and, more importantly perhaps, whether the complaint as drafted is actually in the public interest or is drafted so narrowly as to "make a mockery of judicial power" as prohibited by our Court of Appeals. *United States v. Microsoft Corp.*, 56 F.3d 1448, 1462 (D.C. Cir. 1995).

For the foregoing reasons, it is hereby

**ORDERED** that the parties to this case shall, on or before December 14, 2018, show cause why I should not order CVS to hold its acquired Aetna business as a separate entity and to insulate the management of the CVS business from the management of the Aetna business, and vice versa, until I have made my determination as to whether to enter final judgment in this case. Written submissions in response to this Show Cause Order are due by December 14, 2018. In their responses, the parties should address any steps taken between now and December 14 to ensure that assets beyond those already divested will be held separate or to otherwise preserve the ability to unwind CVS' acquisition of Aetna in the event an unwinding is necessary. The parties should also address the appropriate scope of any hold separate order that might issue in this case.

It is further

**ORDERED** that the Court will hold a hearing on this matter on December

18, 2018 at 3:00 pm.

**SO ORDERED**.

 

 

_____

RICHARD J. LEON
United States District Judge