IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PERRY A. FRANKEL, M.D. AND ADVANCED CARDIOVASCULAR DIAGNOSTICS, PLLC,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. HEALTHCARE, INC. d/b/a AETNA U.S. HEALTHCARE, INC. d/b/a AETNA HEALTH, INC., AND AETNA, INC. d/b/a AETNA,<br><br>Defendants. | Civil Action No.: 1:18-cv-06378-ER-BCM<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT** |

Defendants (together, "Aetna"), by and through their undersigned counsel, hereby answer the Amended Complaint filed by Plaintiff Perry A. Frankel and Plaintiff Advanced Cardiovascular Diagnostics (together, "Plaintiffs") and assert affirmative defenses thereto, as follows:

## AETNA'S PRELIMINARY STATEMENT

Plaintiffs violated the terms of a contract between Aetna and Plaintiff Perry Frankel, by using an un-credentialed, mobile van to provide medically unnecessary tests or other services to individuals with health insurance offered or administered by Aetna. After Aetna learned of this improper practice, including through customer complaints, Aetna informed Plaintiffs that the mobile van claims were not eligible for payment. Plaintiffs ignored this, and apparently continued to provide alleged medical care that was not medically necessary or otherwise improper or ineligible for reimbursement. Plaintiffs knew or should have known that they could not bill for such services. Aetna decided that it would not renew its contract with Dr. Frankel, which was Aetna's right under the express terms of the contract, and Aetna provided Dr. Frankel

1

with notice of this decision. Plaintiffs' claims in this case are meritless and their conduct, including repeated breaches of the contract between Aetna and Dr. Frankel, has caused Aetna harm.

## NATURE OF THE ACTION[1]

1. Denied in part; admitted in part. Aetna admits that Plaintiffs have filed this action against Aetna, in which they seek monetary damages. Aetna denies that Plaintiffs are entitled to any recovery in this case. Aetna further denies the allegations in this paragraph to the extent they relates to claims in the Amended Complaint that this Court already dismissed. Aetna also denies the allegations as containing conclusions of law to which no response is required.

## THE PARTIES

2. Denied. Aetna lacks information sufficient to answer the allegations in this paragraph and therefore denies them.

3. Denied. Aetna lacks information sufficient to answer the allegations in this paragraph and therefore denies them.

4. Admitted in part; denied in part. Aetna admits that its corporate headquarters is location in Connecticut. Aetna denies the remaining allegations in this paragraph.

## JURISDICTION AN VENUE

5. Denied. Aetna denies the allegations in this paragraph as conclusions of law to which no response is required.

6. Denied. Aetna denies the allegations in this paragraph as conclusions of law to which no response is required.

---

[1] Aetna sets forth the headings contained in Plaintiffs' Amended Complaint for ease of reference, but denies the contents thereof.

## **FACTS**

7. Denied.

8. Denied.

9. Denied as stated; admitted in part. By way of further response, the Contract referenced in this paragraph is a document that speaks for itself, and Aetna denies Plaintiffs' characterizations thereof. Aetna admits that the contract contains provisions relating to reimbursement for the provision of medically necessary, appropriate, and covered services.

10. Denied. Aetna lacks information sufficient to answer the allegations in this paragraph and therefore denies them.

11. Denied.

12. Denied. Aetna lacks information sufficient to answer the allegations in this paragraph and therefore denies them.

13. Denied. Aetna lacks information sufficient to answer the allegations in this paragraph and therefore denies them.

14. Denied.

15. Denied. Aetna lacks information sufficient to answer the allegations in this paragraph and therefore denies them.

16. Denied. By way of further response, any records referenced in this paragraph are documents that speak for themselves, and Aetna denies Plaintiffs' characterizations thereof.

17. Admitted in part; denied in part. Aetna admits that Exhibit A has a Section 1.2. It is unclear what Plaintiffs are alleging in this paragraph, but to the extent they are attempting to characterize Section 1.2, Aetna denies Plaintiffs' characterizations, as the document speaks for itself.

18. Admitted in part; denied in part. Aetna admits that Exhibit A has a Section 9.1. It is unclear what Plaintiffs are alleging in this paragraph, but to the extent they are attempting to characterize Section 9.1, Aetna denies Plaintiffs' characterizations, as the document speaks for itself.

19. Admitted in part; denied in part. Aetna admits that Exhibit A has a Section 12.4. To the extent Plaintiffs are attempting to characterize Section 12.4, Aetna denies Plaintiffs' characterizations, as the document speaks for itself.

20. Admitted in part; denied in part. Aetna admits that Exhibit A has a Section 12.6. To the extent Plaintiffs are attempting to characterize Section 12.6, Aetna denies Plaintiffs' characterizations, as the document speaks for itself.

21. Admitted in part; denied in part. Aetna admits that Exhibit A has a Section 12.7. It is unclear what Plaintiffs are alleging in this paragraph, but to the extent they are attempting to characterize Section 12.7, Aetna denies Plaintiffs' characterizations, as the document speaks for itself.

22. Admitted in part; denied in part. The email referenced in this paragraph is a document that speaks for itself, and Aetna denies Plaintiffs' characterization thereof. Aetna admits that Robert Fitch sent an email to "DMIORI@aol.com" on May 4, 2017.

23. Denied. By way of further response, the letters referenced in this allegation are documents that speak for themselves. Aetna denies Plaintiffs' characterizations thereof.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied, including because this paragraph contains conclusions of law to which no response is required.

31. Denied.

32. Denied.

## AS AND FOR THE FIRST CAUSE OF ACTION

33. Aetna incorporates its answers to the forgoing and subsequent paragraphs herein, as if set forth at length.

34-48. The claim contained in this Count has been dismissed and therefore requires no response. To the extent any response is required, Aetna denies the allegations, including as conclusions of law to which no response is required.

## AS AND FOR THE SECOND CAUSE OF ACTION

49. Aetna incorporates its answers to the forgoing and subsequent paragraphs herein, as if set forth at length.

50-52. The claim contained in this Count has been dismissed and therefore requires no response. To the extent any response is required, Aetna denies the allegations, including as conclusions of law to which no response is required.

## AS AND FOR THE THIRD CAUSE OF ACTION

53. Aetna incorporates its answers to the forgoing and subsequent paragraphs herein, as if set forth at length. Aetna further denies the allegations of this paragraph as containing conclusions of law to which no response is required. Aetna specifically denies that it breached any contract with Plaintiffs and specifically denies that it owes Plaintiffs anything.

54. Denied, including as a conclusion of law to which no response is required.

## AS AND FOR THE FOURTH CAUSE OF ACTION

55. Aetna incorporates its answers to the forgoing and subsequent paragraphs herein, as if set forth at length.

56-60. The claim contained in this Count has been dismissed and therefore requires no response. To the extent any response is required, Aetna denies the allegations, including as conclusions of law to which no response is required.

## AS AND FOR THE FIFTH CAUSE OF ACTION

61. Aetna incorporates its answers to the forgoing and subsequent paragraphs herein, as if set forth at length.

62-66. The claim contained in this Count has been dismissed and therefore requires no response. To the extent any response is required, Aetna denies the allegations, including as conclusions of law to which no response is required.

## AS AND FOR THE SIXTH CAUSE OF ACTION

67. Aetna incorporates its answers to the forgoing and subsequent paragraphs herein, as if set forth at length.

68-71. The claim contained in this Count has been dismissed and therefore requires no response. To the extent any response is required, Aetna denies the allegations, including as conclusions of law to which no response is required.

## AS AND FOR THE SEVENTH CAUSE OF ACTION

72. Aetna incorporates its answers to the forgoing and subsequent paragraphs herein, as if set forth at length.

73-78.  The claim contained in this Count has been dismissed and therefore requires no response.  To the extent any response is required, Aetna denies the allegations, including as conclusions of law to which no response is required.

### AS AND FOR THE EIGHTH CAUSE OF ACTION

79.    Aetna incorporates its answers to the forgoing and subsequent paragraphs herein, as if set forth at length.

80-84.  The claim contained in this Count has been dismissed and therefore requires no response.  To the extent any response is required, Aetna denies the allegations, including as conclusions of law to which no response is required.

### AS AND FOR THE NINTH CAUSE OF ACTION

85.    Aetna incorporates its answers to the forgoing and subsequent paragraphs herein, as if set forth at length.

86-89.  The claim contained in this Count has been dismissed and therefore requires no response.  To the extent any response is required, Aetna denies the allegations, including as conclusions of law to which no response is required.

### AS AND FOR THE TENTH CAUSE OF ACTION

90.    Aetna incorporates its answers to the forgoing and subsequent paragraphs herein, as if set forth at length.

91-100.  The claim contained in this Count has been dismissed and therefore requires no response.  To the extent any response is required, Aetna denies the allegations, including as conclusions of law to which no response is required.

### AS AND FOR THE ELEVENTH CAUSE OF ACTION

99. Aetna incorporates its answers to the forgoing and subsequent paragraphs herein, as if set forth at length. By way of further response, Plaintiffs mis-numbered the allegations in this Count numerous times. The Tenth Cause of Action concludes on Paragraph 100 of the Amended Complaint, but Plaintiffs begin the Eleventh Cause of Action at Paragraph 99. Then, Plaintiffs third allegation in this Count reverts back to Paragraph 98. Aetna has used the correct numbering here, but denies all paragraphs in any event.

100, 98-102. The claim contained in this Count has been dismissed and therefore requires no response. To the extent any response is required, Aetna denies the allegations, including as conclusions of law to which no response is required.

### ANSWER TO PRAYER FOR RELIEF

WHEREFORE, Aetna respectfully requests this Court dismiss all claims in Plaintiffs' Amended Complaint, enter judgment in its favor, together with attorneys' fees, costs, and all such other legal and equitable relief as this Court deems just and proper.

### AETNA'S AFFIRMATIVE DEFENSES

In further answering the Amended Complaint, Aetna asserts the following defenses:

### First Affirmative Defense

Any contractual obligation owed, or allegedly owed, to Plaintiffs was discharged when Plaintiffs breached the terms of the relevant contract. Aetna learned in April 2017 that Plaintiffs were providing care to Aetna members through a mobile van that was not credentialed or authorized by Aetna and that was not covered under the scope of Aetna's contract with Dr. Frankel. Indeed, under the terms of the contract, Dr. Frankel was required to inform Aetna of this practice, and Aetna had the unfettered right to decline to permit it. Dr. Frankel failed to

comply with this provision, and many others, in the contract.  Aetna informed Dr. Frankel of this and informed him that Aetna would not pay for services rendered through the un-credentialed and unapproved mobile unit.  Despite being on notice of this fact, Plaintiffs apparently continued to provide medical care to individuals with health benefits offered or administered by Aetna.  Indeed, Plaintiffs even provided medical care that was not medically necessary or appropriate, a practice that plainly violates the term of Aetna's contract with Dr. Frankel.   Aetna thereafter elected, as was its right, not to renew Dr. Frankel's contact.  There is no longer any contract between Dr. Frankel and Aetna.

### **Second Affirmative Defense**

Plaintiffs' claims are preempted, in full or in part, by the Employee Retirement Income Security Act of 1974.

### **Third Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations.

### **Fourth Affirmative Defense**

Any action taken by Aetna was consistent with any contractual obligations owed to Plaintiffs.

### **Fifth Affirmative Defense**

Plaintiffs failed to exhaust completely their administrative and/or contractual remedies.

### **Sixth Affirmative Defense**

Plaintiffs fail to state a claim upon which relief can be granted.

### **Seventh Affirmative Defense**

Plaintiffs' claims are barred by the principle of waiver.

### Eighth Affirmative Defense

Plaintiffs' claims are barred by their own fraud and misrepresentations.

### Ninth Affirmative Defense

Plaintiffs' claims are barred by their own conduct that is improper, unreasonable, or contrary to law.

### Tenth Affirmative Defense

To the extent Plaintiffs are entitled to any damages, which Aetna denies, Plaintiffs recovery would be limited, in full or in part, by their failure to mitigate.

### Eleventh Affirmative Defense

To the extent Plaintiffs are entitled to any damages, Aetna is entitled to a set-off in an amount representing payments made by Aetna to Plaintiffs that Aetna should not have made, including because Plaintiffs submitted claims for medical care that was unnecessary, experimental or investigatory, duplicate in nature, or otherwise improper or ineligible for payment.

### Twelfth Affirmative Defense

Advanced Cardiovascular Diagnostics, PLLC is not a party to the alleged contract and cannot assert a claim for breach of contract.

                     Respectfully submitted,

                     **Connell Foley LLP**

                     */s/ Patricia A. Lee*
                     Patricia A. Lee
                     888 Seventh Avenue, 9th Floor
                     New York, NY 10106
                     212-307-3700
                     PLee@connellfoley.com

                     **Elliott Greenleaf, P.C.**

                     */s/ Mark J. Schwemler*
                     Mark J. Schwemler
                     Gregory S. Voshell
                     Thomas B. Helbig, Jr.
                     925 Harvest Drive, Suite 300
                     Blue Bell, PA 19422
                     215-977-1000
                     mjs@elliottgreenleaf.com
                     gsc@elliottgreenleaf.com
                     tbh@elliottgreenleaf.com

Dated: October 15, 2019          *Counsel for Defendant Aetna Life Insurance Company*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I caused the foregoing to be filed electronically filed with the Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document upon Plaintiffs and all counsel of record.

> */s/ Mark J. Schwemler*

Dated: October 15, 2019